**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 96-4003

---

Redland Insurance Company, as
Assignee of Charlene Harvell and
Lonnie Joe Harvell,

        Appellant,

           v.

Shelter General Insurance Companies,
Robert McAdams, Douglas G. Voyles,

        Appellees.

        Appeal from the United States
District Court for the
Eastern District of Arkansas.

---

Submitted: May 21, 1997

Filed: August 15, 1997

---

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

---

HEANEY, Circuit Judge.

    This is an action brought by an insurance company to collect on an underlying judgment for which its insured was one of three tortfeasors jointly and severally liable. The district court, faced with cross motions for summary judgment, dismissed the complaint for failing to

state a claim.  Although the court properly concluded that the

plaintiff failed to state a claim under its novel assignment theory, an alternative cause of action in the complaint is broad enough to state a claim on which relief could be granted. Therefore, the court should not have dismissed the complaint in its entirety. We reverse in part and remand with instructions for the court to permit the lawsuit to proceed on the plaintiff's alternative contribution theory.

I.

A jury awarded Charlene and Lonnie Joe Harvell $500,000 for injuries Charlene Harvell sustained in a collision between the Harvells' car and a tractor-trailer. According to the jury's findings, the judgment totaling $509,895.11 with interest and costs was the joint and several obligation of three tortfeasors: Douglas G. Voyles, the driver of the tractor-trailer; Robert McAdams, the owner of the tractor-trailer; and CDS Transport, Inc. ("CDS"), which had leased both the services of Voyles and the tractor-trailer from McAdams.

Redland Insurance Company ("Redland") insured CDS and Shelter General Insurance Company ("Shelter") insured McAdams. Neither policy, however, covered the vehicle involved in the accident. Nonetheless, both Redland and Shelter were conditionally obligated for the judgment as a result of a federally-mandated MCS-90 endorsement each insurance company provided as part of its policy. In the

3

endorsement, the insurance company agreed to pay "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use" of any of its insured's motor vehicles in interstate commerce. The insured, in turn, agreed to reimburse the insurance company for all sums paid under the endorsement that the company would not have been required to pay absent the endorsement.

After judgment was entered for the Harvells, Redland approached Shelter to discuss apportionment of the judgment. Shelter took the position that it had no obligation to contribute toward paying the judgment. Redland entered an agreement with the Harvells in which it paid the Harvells $505,782.21, an amount virtually equal to the entire judgment, in return for a purported assignment of the judgment from the Harvells. According to the agreement, the Harvells released Redland and CDS, but no other party, from any liability as a result of the accident.

Redland then initiated this lawsuit in federal district court against Shelter, McAdams, and Voyles. Redland's complaint alleges two causes of action. In the first, Redland broadly asserts:

> A dispute and actual controversy has arisen and now exists between Plaintiff and Shelter concerning their respective rights, duties, obligations and privileges under the Shelter policy of insurance with regard to the Harvell action. The controversy poses an issue for judicial determination involving the substantial rights of the parties.

(Jt. App. Tab 2 at 7 (Pl.'s Compl. at ¶ 18).) In a second cause of action, Redland claims that, as "assignee" of the Harvells, it is entitled to recover the entire $509,895.11 from Shelter for the final judgment rendered against McAdams. (Id. at 8 (Pl.'s Compl. at ¶ 21.)

In its answer, Shelter admitted the material facts alleged in Redland's complaint and asserted, among other defenses, that the complaint failed to allege facts on which the court could grant Redland relief. In its subsequent motion for summary judgment, Shelter argues that as an insurance company, not a member of the general public, Redland cannot recover against Shelter under the MCS-90 endorsement in Shelter's policy with McAdams. Moreover, according to Shelter, the money Redland paid to the Harvells fully satisfied the Harvells' judgment against CDS which Redland was

obligated to pay under the terms of the MCS-90 endorsement in its policy with CDS. Redland filed a cross-motion for summary judgment, reasserting its theory that, as the Harvells' assignee, it had the right to enforce the judgment against any of the defendants, including McAdams, and that Shelter agreed to satisfy any judgment against McAdams by virtue of its MCS-90 endorsement. In plain language: Each insurance company asserted that the other was responsible for 100% of the $509,895.11 judgment.

The district court responded by dismissing the case for failing to state a claim and denying all pending motions, including those for summary judgment, as moot. The court expressed strong concern about Redland's legal maneuvering:

> [T]he insurance carrier for one joint tortfeasor, by "buying" the judgment from the Harvells, is attempting to collect from the other joint tortfeasors (or their insurance carriers) 100% of the judgment which it has paid.
>
> . . . .
>
> Redland is attempting to use its "assignment" as a novel means of avoiding the . . . contribution statute. Instead of recovering an equitable and proportionate share of the judgment, Redland seeks to place the entire burden on its joint tortfeasors. If the Court were to allow such an end run, the law of contribution would be subsumed. Such a holding would undercut the essential purpose of contribution among joint tortfeasors, which is to provide an equitable

7

> means of spreading the loss on the basis of proportionate responsibility.

(<u>Redland Ins. Co. v. Shelter Gen. Ins. Cos.</u>, No. J-C-95-261, slip op. at 2 (E.D. Ark. Sept. 16, 1996).) The court dismissed the case without prejudice to Redland's right to file an action for contribution.

Redland filed a motion for reconsideration and an alternative motion for leave to file an amended complaint. The district court denied Redland's motion for

reconsideration reiterating its position that "Redland may file a suit for contribution against the other joint tortfeasors, but it may not 'buy' the debt from the plaintiff in order to collect the full amount of the judgment from the other joint tortfeasors." (Redland Ins. Co. v. Shelter Gen. Ins. Cos., No. J-C-95-261 (E.D. Ark. Oct. 15, 1996).) This appeal follows.

II.

Redland asserts that the district court erred in its ruling because its complaint both states a claim for relief based on the Harvells' assignment of their judgment to Redland and states a claim for contribution. With respect to the former, we disagree. Redland offers no authority for its theory that it can step into the shoes of the Harvells to collect 100% of the judgment from the remaining joint tortfeasors in the underlying action thereby avoiding its responsibility as the endorsing insurance carrier for the third joint tortfeasor. We agree with the district court that Redland is attempting to use its "assignment" to avoid paying its equitable share of the loss and that the courts must not allow such an end run on the law of contribution. Therefore, we affirm the district court's dismissal of that portion of the complaint that asserts a cause of action based on the Harvells' assignment of their judgment to Redland.

Although it was the focus of neither party's attention nor interest before the district court, Redland's complaint states an alternative cause of action which does not rely on mention of its purported assignment of the judgment. As its first cause of

9

action, Redland asks the court to determine the parties' "respective rights, duties, obligations and privileges under the Shelter policy of insurance with regard to the Harvell action."  Although Redland could have been more precise, the complaint sufficiently states a claim for contribution.  According to the Federal Rules of Civil Procedure, a pleading setting forth a claim for relief requires only "a short, plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Moreover, "[a]ll pleadings shall be so construed so as to do substantial justice."

Fed. R. Civ. P. 8(f). Redland alleged facts in its complaint that put the defendants on notice that Redland had paid the Harvells a substantial sum of money related to their judgment against Voyles, McAdams, and CDS and that the company was seeking reimbursement from the other joint tortfeasors. The court should have recognized that Redland's complaint gave the other parties "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." See Oglala Sioux Tribe of Indians v. Andrus, 603 F.2d 707, 714 (8th Cir. 1979). That is all the federal rules require.

Because Redland's complaint states an alternative claim for contribution, the dismissal of its claim based on its alleged assignment does not defeat the entire complaint. The federal rules provide: "When one or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." Fed. R. Civ. P. 8(e)(2). Our decision today should not be construed as any sort of comment on the merits of Redland's action for contribution. We merely hold that the complaint is sufficient to state a cause of action for contribution and that the district court should permit the parties to proceed to the merits of that action.

III.

We affirm in part and reverse in part with instructions to the district court to permit the parties to proceed in Redland's action for contribution.

11

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.